UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| REBECCA COLLINSON | CIVIL ACTION NO. 11-1787 |
| VERSUS | DISTRICT JUDGE DRELL |
| TARVER LAND DEV., LLC | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss, **Doc. #5**, referred to me by the district judge for report and recommendation.

This is a gender discrimination suit claiming that this court has supplemental jurisdiction over plaintiff's state law claims for defamation. Defendant has filed the instant motion to dismiss asserting that the claims are prescribed, that is, that the statute of limitations has run on the defamation claims because suit was not filed within one year of the tort.

Plaintiff filed suit on October 6, 2011 alleging that she was terminated from her employment on October 18, 2009 and that "shortly thereafter", at a company safety meeting defendant told truck drivers that plaintiff had been fired for "stealing from the company". Plaintiff filed an EEOC claim on December 17, 2009.

On its face, the claim for defamation is prescribed.

As the Louisiana First Circuit Court of Appeals has noted in an unreported decision, claims for defamation are delictual in nature and are subject to the one-year prescriptive period set forth in LSA-CC Art. 3492 which commences to run from the day injury or damage is sustained. See Wiggins v. Creary, 475 So.2d 780, 781 (La.App. 1st Cir.),

writ denied, 478 So.2d 910 (La.1985). For prescription purposes, damages are sustained from the date the injury is inflicted, if immediately apparent to the victim, even though the extent of the damages may not yet be known. Wiggins v. Creary, 475 So.2d at 781. In Wiggins v. Creary, 475 So.2d at 781 and Rice v. Felterman, 2000–2525 (La.App. 1st Cir.3/28/02), 814 So.2d 696, 699, the court found that knowledge of the damage-causing publication by the plaintiff is required for the commencement of the one-year prescriptive period. See Clark v.. Wilcox, 2004–2254 (La.App. 1st Cir.12/22/05), 928 So.2d 104, 112–113, writ denied, 2006–0185 (La.6/2/06), 929 So.2d 1252. Moreover, the jurisprudence recognizes that defamation is not a continuous tort. Wiggins v. Creary, 475 So.2d at 781. Since each and every publication or communication to a third person constitutes a separate cause of action, the conduct causing the damages, i.e., the publication, cannot be said to be continuous. Wiggins v. Creary, 475 So.2d at 781.

A cause of action for defamation arises from a violation of LSA–C.C. art. 2315. Lamz v. Wells, 938 So.2d at 797. In order to prevail on a cause of action for defamation, plaintiff has the burden of proving: (1) defamatory words; (2) unprivileged publications; (3) falsity; (4) actual or implied malice; and (5) resulting injury. Lamz v. Wells, 938 So.2d at 797.

Prescription on delictual actions commences to run from the day injury or damage is sustained. LSA-C.C. art. 3492. Plaintiff argues that the damages continued after the defamatory words were uttered and, therefore, the case is not prescribed because one of the elements of the tort, injury, is continuous. However, defamation is not a continuous tort. Wiggins, supra. Moreover, for prescription purposes, damages are sustained from the date the injury is inflicted, if immediately apparent to the victim, even though the extent of the damages may not yet be known. See Home Insurance Co. v. Highway Insurance Underwriters, 52 So.2d 449 (La.App. 1st Cir.1951), reh'ing

denied 53 So.2d 298.

      While the record before us does not reflect when plaintiff learned of the defamatory words having been spoken in the safety meeting, the injury was at least apparent by the time plaintiff filed her EEOC claim on December 17, 2009. At the latest, therefore, prescription ran on December 17, 2010. Suit was not filed until October 6, 2011 and is untimely. Plaintiff's citation to the discovery rule and contraction rule of asbestosis and similar cases in <u>Austin v. Abney Mills, Inc.</u>, 824 So. 2d 1137 (La. 2002) and in <u>Faciane v. Southern Shipbuilding Corp.</u>, 446 So.2d 770 (La. App. 4th C. 1984). is unavailing. Equally unavailing is plaintiff's reference to and suggested analogy to the "discovery rule". In a defamation case, damages are sustained at the moment the victim is aware of the defamatory statements and, if immediately apparent, then prescription runs from the date of the infliction of the injury. Here, as stated above, the latest date plaintiff could have known of the injury is December 17, 2009.

      IT IS RECOMMENDED THAT the motion to dismiss be GRANTED and that the supplemental state law claims for defamation against defendant be dismissed with prejudice.

## OBJECTIONS

      Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely

objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 1st day of February, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE