RECEIVED
MAR 21 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| REBECCA VANDER COLLINSON | CIVIL ACTION NO. 11-1787 |
| -vs- | JUDGE DRELL |
| TARVER LAND DEVELOPMENT, LLC | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the Motion for Summary Judgment filed by Defendant. (Doc. 18). All responses have been filed, and the matter is ready for disposition. For the following reasons, the motion will be DENIED.

### I. Background

On October 6, 2011, Rebecca Vander Collinson filed a Complaint alleging her former employer, Tarver Land Development, LLC ("Tarver Land"), discriminated against her because of her gender under Title VII of the Civil Rights Act of 1964[1] and retaliated by firing her when she complained about the discrimination. (Doc. 1). Ms. Collinson began working as a truck driver for Tarver Land on April 3, 2009. (Doc. 1). Other than Ms. Collinson, all of Tarver Land's truck driving employees were male. (Docs. 20-4). She claims that between September 12 and October 8, 2009, owner, Robbie Tarver, told her

---

[1] 42 U.S.C. § 2000(e), *et seq.*

there was no work available for her. (Doc. 1). However, Ms. Collinson alleges other male employees were assigned work during that time period. (Doc. 1).

The parties do not agree on the date Ms. Collinson's employment ceased. (Doc. 1; Doc. 20-2). Tarver Land alleges Plaintiff chose to end her employment on October 6, 2009 when she failed to appear for work and returned her truck key and company credit card. (Doc. 20-2). Ms. Collinson claims she was still a Tarver Land employee when she sent a letter via facsimile on October 8 alleging discrimination based upon male drivers being assigned work while she was not. (Doc. 1). She asserts her employment continued until October 20, when Defendant fired her in retaliation for her complaint of discrimination. (Doc. 1).[2]

In the current motion, Tarver Land argues it is entitled to summary judgment on Ms. Collinson's remaining claims[3], since Plaintiff's employment ended only because she failed to come to work as scheduled. (Doc. 18-1).

## II. Law and Analysis

### A. Motion for Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor

---

[2] The Complaint alleges Ms. Collinson sent the letter to Tarver Land on October 18, 2009. However, the record contains a copy of the document, which is dated October 8, 2009. (Doc. 20-6).

[3] Plaintiff's defamation claim under Louisiana law was dismissed as prescribed by Judgment dated March 2, 2012. (Doc. 13.)

2

Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

### B. Gender Discrimination and Retaliation under Title VII

#### 1. *Discrimination Claim*

In order to succeed on its motion for summary judgment, Defendant must show there is no genuine dispute as to any material fact, such that Plaintiff cannot prove the required elements of her discrimination claim. To establish a prima facie case for discrimination, the plaintiff must provide evidence that she:

(1) is a member of a protected class;
(2) was qualified for [her] position;
(3) was subject to an adverse employment action; and
(4) was replaced by someone outside the protected class, or, in the case of disparate treatment, . . . that others similarly situated were treated more favorably.

Okoye v. Univ. of Texas Houston Health Sci. Ctr., 245 F.3d 507, 512–13 (5th Cir. 2001) (internal quotations and citations omitted).

Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to provide a "legitimate, nondiscriminatory reason" for termination. Id. at 513. If the defendant can establish such a reason, the plaintiff must

show there is a genuine factual dispute with circumstantial evidence demonstrating the "proffered reason is a pretext for discrimination, or by providing direct evidence of discrimination." Id.

Documentation in the record shows a genuine factual dispute about whether Ms. Collinson was treated differently than male employees. Contrary to Plaintiff's assertion that Tarver Land did not give her work hours from September 12 to October 8, 2009, Defendant reveals it did not use many of its male dump truck drivers during those dates, because rain and weather conditions limited work opportunities. (Docs. 20-3; 20-5). Additionally, according to Defendant, Ms. Collinson could have worked on October 6, 2009, but she did not answer her telephone or appear at the job site. (Doc. 20-5).

There is also evidence showing Ms. Collinson was treated in a detrimental and different manner than male employees. A sworn statement from James Sandifer, a former Tarver Land dump truck driver, asserts, "Mr. Tarver regularly gave male truck driving employees daily local truck driving jobs, while telling Ms. Collinson he had no truck driving jobs going on at that time[.]" (Doc. 20-7). Therefore, there is a genuine dispute of material fact concerning at least one element of Ms. Collinson's prima facie case of discrimination, and summary judgment is not proper.

2. *Retaliation Claim*

To establish a prima facie case for retaliation, the plaintiff must provide evidence that:

  (1) she was engaged in a protected activity;
  (2) an adverse employment action occurred; and
  (3) a causal link existed between the protected activity and the adverse action.

4

<u>Septimus v. Univ. of Houston</u>, 399 F.3d 601, 610 (5th Cir. 2005) (internal citations omitted).

Once the plaintiff establishes a prima facie case for retaliation, the burden shifts to the defendant to provide a "legitimate non-retaliatory reason" for termination. <u>Id.</u> If the defendant can demonstrate such a reason, then the plaintiff must show the reason is a pretext for retaliation. <u>Id.</u> at 611.

There is a genuine dispute of material fact about whether retaliation occurred. According to Ms. Collinson, she was terminated after sending the October 8 fax transmission alleging gender discrimination. By contrast, Defendant claims Plaintiff's employment ended on October 6 when she failed to report for work and returned company property. (Docs. 20-2; 20-4). These two completely different recollections from the parties create a factual dispute that precludes summary judgment.

**C. Conclusion**

For the reasons detailed above, Defendant's Motion for Summary Judgment (Doc. 18) will be denied.

SIGNED on this 21st day of March, 2013 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT